[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13368
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-14065-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR R. QUINCOCES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Oscar R. Quincoces appeals his 293-month sentence for one count of attempting to entice a minor to engage in sexual activity and one count of enticing a minor to engage in sexual activity, both in violation of 18 U.S.C. § 2422(b), as substantively unreasonable.  Finding no abuse of discretion, we affirm.

## A. Background

In October 2011, an undercover law enforcement officer (UC) who had adopted the online persona of a 15-year-old boy was approached by Defendant Quincoces, who identified himself as a 40-year-old male.[1]  In the ensuing chat conversation, Quincoces asked the UC to send sexually explicit photographs of himself.  Quincoces also indicated that he had previously engaged in sexual behavior with a young boy in his neighborhood.  The online conversations continued for several weeks, and eventually Quincoces and the UC exchanged phone numbers.  They then began communicating via text message.  In November 2011, Quincoces and the UC agreed to meet at a Taco Bell restaurant.  When Quincoces arrived and parked in a nearby Walmart for a meeting with the UC (who he thought was a 15-year-old boy interested in sex), Quincoces was arrested.  A search of his vehicle revealed a package of condoms and several Viagra-type pills.

---

[1] The facts contained herein are gleaned from the portions of the presentence investigation report (PSI) to which Quincoces did not object.  "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

2

A subsequent police investigation of Quincoces's electronic devices revealed that he had previously met two minors, known as J.S. and J.P., in person. J.S., who was 14 years old, advised that he had sent Quincoces nude photographs of himself, engaged in a sexual webcam session with Quincoces, and eventually met and engaged in sexual acts with Quincoces. J.P, a 15-year-old boy, advised that he had sent Quincoces nude photographs of himself and had eventually agreed to meet Quincoces, though he did not report having been molested by Quincoces.

The district judge accepted Quincoces's plea of guilty to the charged offenses and sentenced Quincoces to 293 months' imprisonment, at the high end of the 235–293 month Guideline range. The statutory maximum had been life imprisonment. At sentencing, Quincoces argued that his actions resulted from a period of serious depression and requested the low end of the Guideline range. The district judge rejected this argument. In sentencing Quincoces, the district judge also considered victim impact statements from the children depicted in images of child pornography found on Quincoces's computer. Though the district judge acknowledged that the images and concomitant victim impact statements did not constitute relevant conduct of the charged offenses, he nonetheless found them helpful to his application of the 18 U.S.C. § 3553(a) sentencing factors. The district judge considered a sentence at the high end of the Guideline range necessary to deter Quincoces from further criminal conduct and to recognize and

promote respect for the law.  He accordingly sentenced Quincoces to 293 months followed by a lifetime of supervised release.  This appeal followed.

## B. Discussion

### 1. *Jurisdiction*

Before we reach the merits of Quincoces's appeal, we must satisfy ourselves of jurisdiction.  On June 6, 2012, the district court sentenced and entered judgment against Quincoces, but left open the question of restitution until a later date.  Quincoces filed a timely notice of appeal on June 19, 2012.  We then directed the parties to provide supplemental briefing as to jurisdiction, and specifically requested that they address whether the district court's June 6 judgment was final and appealable in light of the lower court's deferral of a final determination on restitution.  On September 5, 2012, this court noted probable jurisdiction, but explained that a "final determination regarding jurisdiction will be made by the panel to whom this appeal is submitted on the merits."

We agree with the parties that we have jurisdiction.  Though the district court's judgment order may not have been final prior to its determination on restitution, Quincoces's timely notice of appeal ripened into an effective notice of appeal on the date the district court made its final restitution determination on July 31, 2012.  *See United States v. Kapelushnik*, 306 F.3d 1090, 1093–94 (11th Cir. 2002) (explaining that where a district court leaves open the issue of restitution and

4

a timely notice of appeal is filed, the "premature notice of appeal ripen[s] into an effective notice as of th[e] date" the judgment of conviction later becomes final); *see also* Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

2. *Reasonableness of Sentence*

We review the sentence imposed by the district court for reasonableness. *United States v. Booker,* 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). Our inquiry includes two distinct elements: we first determine whether a sentence is procedurally reasonable, and then turn our attention to whether the sentence is, on the whole, substantively reasonable. *See United States v. Gonzalez,* 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). Quincoces does not argue that his sentence is procedurally unreasonable,[2] and our review of the record reveals no procedural defect, so the only issue before us is the substantive reasonableness of his 293-month sentence.

We review the substantive reasonableness of the sentence imposed by the district court under the "under [the] deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We measure

---

[2] It is axiomatic that a defendant's failure to raise an issue on appeal abandons that issue, and we therefore deem Quincoces to have abandoned any claim of procedural unreasonableness. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

reasonableness against the factors outlined in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1188 (11th Cir. 2008). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to deter criminal conduct; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Guideline range; (8) policy statements of the United States Sentencing Commission; (9) the need to avoid unintended sentencing disparities; and (10) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

The party challenging a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [§] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* Thus, we will vacate and remand for a new sentencing "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of

6

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted); *see also Pugh*, 515 F.3d at 1194 (observing that "a sentence may be unreasonable if it is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors").

Quincoces argues that the district court erred in sentencing him to 293 months' imprisonment because "it gave too much weight to [Quincoces's] collateral possession of a few child pornography images and victim impact statements from the victims of those images" and "failed to give sufficient weight to [Quincoces's] history of medical and psychological problems and to his lack of a serious criminal history." We disagree.

First, and with regard to Quincoces's argument that his crimes were the product of severe depression and that he lacked a serious criminal history, the district court expressly indicated that it would consider these facts as part of the "history and characteristics of the defendant," a § 3553(a) factor. The district judge weighed Quincoces's purported physical and mental health issues at sentencing; he was simply incredulous at the notion that Quincoces's depression carried much potency as a mitigating factor in this particular case. In other words, the record clearly reflects that the district judge *considered* Quincoces's arguments

in mitigation, and thereafter soundly rejected them.  We discern no error in the district court's consideration and rejection of Quincoces's proferred argument at sentencing.

Second, and as to Quincoces's argument that the district court relied too heavily on images of child pornography for which he was never charged (as well as the victim impact statements relating to those images), we are similarly unpersuaded.  There is no limitation on the evidence of a defendant's background, character, or conduct that the sentencing judge may properly consider in imposing an appropriate sentence.  *See* 18 U.S.C. § 3661; *see also United States v. Lindsey*, 482 F.3d 1285, 1294 (11th Cir. 2007) (noting that "*Booker* does not forbid a district court from considering criminal acts for which a defendant has not been charged or has been acquitted as long as those acts are proved by a preponderance of the evidence").  At sentencing, the district judge expressly noted that while the child pornography and victim impact statements did "not constitute relevant conduct," he was still required "to consider[] information from whatever source that will aid the Court in fashioning an appropriate sentence and considering the [§] 3553 factors."  Therefore, and insofar as Quincoces argues that it was error for the district court to consider the victim impact statements and the depraved images found on his computer, he is wrong.

In sum, our review of the record reveals that the district judge imposed Quincoces's sentence only after considering the parties' arguments, the Guideline range, and the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, and the need to provide adequate deterrence. *See Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). This sentence was reasonable.

"As we have stated before, '[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses.'" *Irey*, 612 F.3d at 1206 (quoting *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (affirming as reasonable a 100-year sentence for a first offender who sexually abused a 13-year-old girl and photographed the crime))). It is no surprise, then, that such heinous conduct should carry with it a stiff punishment. The judgment of the district court is affirmed.

**AFFIRMED.**